United States District Court
Southern District of Texas

**ENTERED**
May 05, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EIDER ALEXANDER BUSTAMANTE HURTADO, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-CV-03347 |
| RANDY TATE, *et al.*, | § § | |
| Respondents. | § § § | |

## ORDER

Before the Court is *pro se* Petitioner Eider Alexander Bustamante Hurtado's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.    BACKGROUND

Petitioner Eider Alexander Bustamante Hurtado is a citizen of Colombia who entered the United States without inspection on or around December 18, 2023. ECF No. 5, Ex. 1 (Notice to Appear). Petitioner was issued a Notice to Appear ("NTA"), and charged removability pursuant to Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. *Id*. The next day, ICE exercised its authority under 8 U.S.C. § 1226 and released Petitioner on an Order of

1 / 5

Release on Recognizance (ORR) with an I-220A. ECF No. 5 at 2. Petitioner was scheduled to appear for an immigration hearing on December 14, 2027, in Miami, Florida. *Id*.

On February 18, 2026, Petitioner pleaded guilty to "terroristic threat fear imminent serious bodily injury (SBI)," a Class B Misdemeanor, and was sentenced to 120 days in the Harris County Jail.[1] ECF No. 5, Ex. 2. On February 19, 2026, the Department of Homeland Security (DHS) issued an administrative warrant for Petitioner's immigration arrest. ECF No. 5, Ex. 3. The warrant stated that the signatory had "determined that there is probable cause to believe that [Petitioner] is removable from the United States" based on "the pendency of ongoing removal proceedings," "biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate. . . that the subject. . . lacks immigration status," and "statements made voluntarily by the subject to an immigration officer. . . that affirmatively indicate that the subject. . . lacks immigration status." *Id*. The warrant does not mention Petitioner's criminal conviction. Venue for Petitioner's removal proceedings was changed to the Conroe Immigration Court, and his removal proceedings are ongoing in that court. *Id*.

The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

## I.    ANALYSIS

Petitioner asserts, among other claims, that his detention violates his Fifth Amendment right to due process of law.

---

[1] The conduct to which Petitioner pleaded guilty occurred on or about November 9, 2025. ECF No. 5, Ex. 2. Petitioner was encountered at Enforcement and Removal Operations at the Harris County Jail on November 10, 2025. ECF No. 5 at 2.

2 / 5

The Court has recently addressed similar sets of circumstances and concluded that ICE's re-detention of a noncitizen who was previously released on an Order of Release on Recognizance (ORR) without a pre-deprivation hearing or proof of changed individual circumstances demonstrating that the noncitizen was now a flight risk or danger to the community violated the noncitizen's right to procedural due process. *See  Betancourth v. Tate, et al.*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 638482 at *3-4 (S.D. Tex. Mar. 6, 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4-6 (S.D. Tex. Feb. 25, 2026). Here, unlike in those other cases, Petitioner did violate the conditions of his prior release on recognizance by committing a criminal offense. However, Respondents have at no point argued that Petitioner's misdemeanor conviction is the reason for his re-detention, nor have they argued that he presents a danger to the community or a risk of flight. Rather, Respondents argue that Petitioner's re-detention is justified because Petitioner is subject to mandatory detention 8 U.S.C. § 1225(b)(2). The Court therefore sees no reason to reach a different conclusion here. The question of whether Petitioner's criminal conviction justified revocation of his prior release is exactly the type of question that can be properly addressed in a bond hearing before an Immigration Judge (IJ).

As to Respondents' additional arguments, the Court has already rejected them. See *Betancourth*, 2026 WL 638482, at *2 (rejecting argument that *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003) bars procedural due process claims for noncitizens whom ICE previously released on their own recognizance); *Alvarez Rico*, 2026 WL 522322 at * 2-3 (rejecting argument that *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), precludes due process claims by noncitizens statutorily subject to mandatory detention); *Perea-Berrio*, 2026 WL 709481 at *2 (rejecting argument that arbitrary revocation of release does not violate due process because it does

3 / 5

not violate the applicable regulation); *id*. at *3 (rejecting argument that immediate release is not an appropriate remedy).

The Court declines to reconsider its prior decisions on this issue. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify Petitioner of the time and place of release **no less than three hours** prior to his release from custody.

3. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before May 8, 2026**, informing the Court of the status of Petitioner's release and the Government's compliance with this order.

   **IT IS SO ORDERED.**

Signed at Houston, Texas on May 5, 2026.

_____
Keith P. Ellison
United States District Judge